IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00800-GPG

MARK WALTER PAULSEN,

      Plaintiff,

v.

RICK RAEMISCH,
PHYSICIANS HEALTH PARTNERS,
CLINICAL SERVICES,
SUSAN M. TIONA,
KAREN C. MITCHELL,
DAVID R. GROSS,
L. MORTIN, and
A. JENKINS,

      Defendants.

---

## ORDER TO AMEND

---

      Plaintiff Mark Walter Paulsen is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista Correctional Complex-Main & Boot Camp in Buena Vista, Colorado.  Plaintiff initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The § 1915 Motion has been granted.

      The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The claims are repetitive, not stated in a clear and concise format, and for the most part conclusory and vague. Rather than state the specific factual allegations in each claim,

2

by asserting how named defendants violated Plaintiff's constitutional rights, Plaintiff

sets forth conclusory statements that are supported only by numerous case citations.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir.

1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court,

however, will give Plaintiff an opportunity to cure the deficiencies by submitting an

Amended Complaint that meets the requirements of Fed. R. Civ. P. 8 and complies with

the following directives.

To state a constitutional deprivation pursuant to 42 U.S.C. § 1983 Plaintiff must

explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the

defendant's action harmed him; and (4) what specific legal right the defendant violated.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is directed that he must assert personal participation by a named

defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how

each named individual caused the deprivation of a federal right.  *See Kentucky v.

Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the

alleged constitutional violation and each defendant's participation, control or direction,

or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.

1993).

Supervisors can only be held liable for their own misconduct.  *See Ashcroft v.

Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his

mere knowledge of a subordinate's wrongdoing.  *Id.; see also Fogarty v. Gallegos*, 523

F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict

supervisor liability; the defendant's role must be more than one of abstract authority

over individuals who actually committed a constitutional violation.").  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege

and demonstrate that: "(1) the defendant promulgated, created, implemented or

possessed responsibility for the continued operation of a policy that (2) caused the

complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation." *Id.* at 1199.

Finally, the factors used to decide whether to appoint counsel generally include

the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to

present his claims, and the complexity of the legal issues being raised.  *See Rucks v.

Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "The burden is on the [plaintiff] to

convince the court that there is sufficient merit to his claim to warrant the appointment

of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).  Plaintiff fails

to demonstrate that appointment of counsel is necessary or appropriate at this time.

Plaintiff does not demonstrate that he is unable to provide a clear and concise

statement of the claims he is asserting and his request for counsel at this time is

necessary.  Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to

file an Amended Complaint as directed above.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will dismiss the Complaint and action without further notice.  It is

FURTHER ORDERED that the Motion for the Appointment of Counsel, ECF No. 4, will be denied as premature.

DATED April 18, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge