IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00800-GPG

MARK WALTER PAULSEN,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director Colorado Department of Corrections,
ROGER WERHOLTZ, Executive Director Colorado Department of Corrections,
TONY CAROCHI, Executive Director Colorado Department of Corrections,
TOM CLEMENTS/ESTATE OF TOM CLEMENTS, Executive Director Colorado
      Department of Corrections,
ARISTEDES ZAVARAS, Executive Director Colorado Department of Corrections,
JOE ORTIZ, Executive Director Colorado Department of Corrections,
JOHN SUTHERS, Executive Director Colorado Department of Corrections,
WENDY KELSO, Director of Medical Clinical Services, CDOC,
PETER ANDERSON, Facility Monitor, Private Prison Monitoring Unit, CDOC,
DOUG ROBERTS, Medical Monitor, Private Prison Monitoring Unit, CDOC,
JERRY STEELE, Private Prison Monitoring, CDOC,
DENNIS O'NEIL, Outpatient Clinical Supervisor, CDOC,
RICHARD MADRID, Drug and Alcohol/Addiction Services, KCCC (Kit Carson
      Correctional Center),
PATRICIA HEADLEY, CAC III, Drug and Alcohol/Addiction Services, KCCC,
L. MORTIN-EARL, MA, CAC III, Drug and Alcohol/Addiction Services, KCCC,
DESIREE ANDREWS, Health Services Administrators, KCCC,
JODI GRAY, Health Services Administrators, KCCC,
KATHY M. WILEY, NP, Health Care Provider, KCCC,
KAREN C. MITCHELL, NP, Health Care Provider, KCCC,
DAVID R. GROSS, PA, Health Care Provider, KCCC, and
SUSAN M. TIONA, MD, Facility Physician, KCCC,

    Defendants.

---

ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

1

Plaintiff Mark Walter Paulsen is in the custody of the Colorado Department of Corrections (CDOC) and currently is incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343, and 1367 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff's request to proceed pursuant to 28 U.S.C. § 1915 has been granted.

On April 18, 2014, Magistrate Judge Boland directed Plaintiff to amend the Complaint pursuant to Fed. R. Civ. P. 8. Specifically, Plaintiff was directed to assert his claims in a short and plain statement showing that he is entitled to relief and how each responsible defendant participated in the constitutional violation. Plaintiff also was instructed that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior and that, to state a claim against a government official for conduct that arises out of supervisory responsibilities, Plaintiff must assert that the official is responsible for creating, implementing, or the continued operation of a policy and that he caused a harm and acted with a state mind required to establish the alleged deprivation. Plaintiff filed an Amended Complaint on June 10, 2015.

In the Nature of the Case section of the Amended Complaint, Plaintiff asserts that part of his initial diagnostic process upon entering the CDOC was a blood draw taken on March 17, 2011, which screened for Hepatitis. Am. Compl., ECF No. 10, at 6. Plaintiff further asserts that even though the screening indicated a positive result Hepatitis C, for the past four years he has been denied needed treatment for this

serious medical condition.  *Id.*  Specifically, in the Cause of Action section of the Amended Complaint, Plaintiff asserts three claims: (1) Deliberate indifference to Plaintiff's serious medical need, in violation of the Eighth Amendment of the U.S. Constitution (personal responsibility); (2) Deliberate indifference to Plaintiff's serious medical need, in violation of the Eighth Amendment of the U.S. Constitution (supervisory responsibility); and (3) Violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.  Plaintiff seeks injunctive relief and money damages.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Court will dismiss the Amended Complaint in part and order the case drawn in part.

In the April 18 Order to Amend, Magistrate Judge Gallagher states as follows:

> Supervisors can only be held liable for their own misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.; see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  Furthermore,
>
>> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the

3

> Constitution, but that the official by virtue of his own conduct and state of mind did so as well.
>
> *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

ECF No. 6 at 3-4.

The Court also observes that "defendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.' " *See Dodds*, 614 F.3d at 1200-1201 (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior, *see Iqbal*, 556 U.S. at 676, because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation," *Fogarty*, 523 F.3d at 1162. A public official is liable only for his own misconduct, *Iqbal*, 556 U.S. at 676, and Plaintiff must plead with plausibility that not only an official's subordinates violated the constitution but the named official acted by "virtue of his own conduct and state of mind." *Dodds*, 614 F.3d at 1198 (citing *Iqbal*, 556 U.S. at 677). To establish a claim under § 1983, a plaintiff must show more than "a supervisor's mere

knowledge of his subordinate's conduct." *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 677).

First, in Claim Two, Plaintiff asserts that Defendants Andrews, Gray, Madrid, Roberts, Anderson, and O'Neil are liable in their supervisory capacity because they were responsible for supervising Defendants Tiona, Gross, Mitchell, Wiley, Mortin-Earl, Headley, and Madrid  and are responsible for the enforcement of CDOC policies and AR's over all Defendants that were employed at the KCCC.  Plaintiff also asserts that Defendant Madrid supervised the D/A team.  Finally, in a conclusory and general statement, Plaintiff asserts that "Defendants' inaction, neglect, and failure to comply with protocols and AR's or the enforcement of those same protocols and AR's resulted in delay and deprivation of treatment and is a showing of deliberate indifference to the Plaintiff's serious medical condition."  ECF No. 10 at 14.

Nothing Plaintiff asserts against Defendants Andrews, Gray, Madrid, Roberts, Anderson, and O'Neil, based on their supervisory role, indicates that they violated the Constitution by virtue of their own conduct and state of mind.  Claim Two as asserted against these defendants will be dismissed.

In Claim Two, Plaintiff also asserts that Defendants Rick Raemisch, Roger Werholtz, Tony Carochi, Tom Clements, Aristedes Zavaras, Joe Ortiz, and John Suthers are responsible for the policies and the supervision of the Clinical Services Chiefs and for making sure that the Clinical Services supervisors are compliant with the statutes and internal regulations.  ECF No. 10 at 15.  Plaintiff further claims that he is not certain what the Clinical Standard and Procedure for Health Care Providers: Hepatitis C provides for since he has been denied access to the protocol.  *Id.*  Plaintiff

also speculates that if the executive directors have instituted a policy that is arbitrary and does not include a safety clause for treatment of offenders who have serious liver failure or advanced complications from hepatitis the policy would be unconstitutional. *Id.* Finally, in a conclusory and vague statement, Plaintiff asserts that Defendants' "inaction, neglect, and failure to comply with protocols and AR's or the enforcement of those same protocols and AR's resulted in delay and deprivation of treatment and is a showing of deliberate indifference to the Plaintiff's serious medical condition." *Id.*

Nothing Plaintiff asserts in Claim Two demonstrates that Defendants Rick Raemisch, Roger Werholtz, Tony Carochi, Tom Clements, Aristedes Zavaras, Joe Ortiz, and John Suthers, acting in their supervisory role, violated the Constitution by virtue of their own conduct and state of mind. Claim Two, therefore, will be dismissed, as will Defendants Rick Raemisch, Roger Werholtz, Tony Carochi, Tom Clements, Aristedes Zavaras, Joe Ortiz, and John Suthers, who are named only in Claim Two of the Amended Complaint.

Also, Plaintiff names Defendant Wendy Kelso in the Nature of the Case section of the Complaint form, ECF No. 10 at 8, but fails to state how she, acting in her supervisory position, by virtue of her own conduct and state of mind violated the Constitution. Defendant Kelso, therefore, will be dismissed from the action.

The Court also notes that Plaintiff has named Baldwin, Jordan, and Wasko as defendants in the body of the Amended Complaint under Claim Two, *see* ECF No. 10 at 13, but he does not name these individuals in the caption of the Amended Complaint or in the original Complaint filed on April 15, 2015. Plaintiff asserts that Baldwin, Jordan, and Wasko are health service administrators and are responsible for assuring that

6

inmates receive "*unimpeded access to medical services*" and that staff complies with "all information systems requirements including 'referrals and consultations.' " ECF No. 10 at 13.  Plaintiff also asserts that these individuals failed to train nursing staff to follow the established HCV protocol.  The claims against these individuals are vague and conclusory and fail to demonstrate that they, acting in their supervisory role, violated the Constitution by virtue of their own conduct and state of mind.  These claims, therefore, will not be considered by the Court at this time.

Based on the above findings, Claim Two will be dismissed in its entirety, and Claims One and Three as asserted against Defendants Susan M. Tiona, David R. Gross, Karen C. Mitchell, Kathy M. Wiley, L. Mortin-Earl, Patricia Headley, Jerry Steele, Jodi Gray, Desiree Andrews, Richard Madrid, Doug Roberts, Peter Anderson, and Dennis O'Neil will be drawn to a presiding judge and when applicable to a magistrate judge.  Accordingly, it is

ORDERED that Claim Two is dismissed without prejudice.  It is

FURTHER ORDERED that because Claim Two is dismissed Defendants Rick Raemisch, Roger Werholtz, Tony Carochi, Tom Clements, Aristedes Zavaras, Joe Ortiz, and John Suthers will be terminated from this action.  It is

FURTHER ORDERED that Defendant Wendy Kelso is dismissed from the action without prejudice.  It is

FURTHER ORDERED that Claims One and Three as asserted against Defendants Susan M. Tiona, David R. Gross, Karen C. Mitchell, Kathy M. Wiley, L. Mortin-Earl, Patricia Headley, Jerry Steele, Jodi Gray, Desiree Andrews, Richard

Madrid, Doug Roberts, Peter Anderson, and Dennis O'Neil shall be drawn to a presiding judge and if appropriate to a magistrate judge.

DATED at Denver, Colorado, this  6th  day of      July       , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court