IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00800–PAB–KMT

MARK WALTER PAULSEN,

    Plaintiff,

v.

PETER ANDERSON, Facility Monitor, Private Prison Monitoring Unit, CDOC,
DOUG ROBERTS, Medical Monitor, Private Prison Monitoring Unit, CDOC,
JERRY STEELE, Private Prison Monitoring, CDOC,
DENNIS O'NEIL, Outpatient Clinical Supervisor, CDOC,
RICHARD MADRID, Drug and Alcohol/Addiction Services, KCCC (Kit Carson Correctional Center),
PATRICIA HEADLEY, CAC III, Drug and Alcohol/Addiction Services, KCCC,
L. MORTIN-EARL, MA, CAC III, Drug and Alcohol/Addiction Services, KCCC,
DESIREE ANDREWS, Health Services Administrators, KCCC,
JODI GRAY, Health Services Administrators, KCCC,
KATHY M. WILEY, NP, Health Care Provider, KCCC,
KAREN C. MITCHELL, NP, Health Care Provider, KCCC,
DAVID R. GROSS, PA, Health Care Provider, KCCC, and
SUSAN M. TIONA, MD, Facility Physician, KCCC,

    Defendants.

# ORDER

The matter before the court is Defendants Peter Anderson's, Doug Roberts's, and Dennis O'Neil's "Motion to Stay Discovery Pending Resolution of the Motion to Dismiss." (Doc. No. 49 [Mot.], filed Oct. 1, 2015.) Plaintiff did not file a response but instead filed a "Motion for Stay of Execution for Pretrial Conference." (Doc. No. 52.)

Defendants Anderson, Roberts, and O'Neil move this court to stay discovery pending the outcome of their Motion to Dismiss. (*See id.*) These defendants argue that because their Motion to Dismiss asserts qualified immunity, they are legally entitled to a stay of discovery. (*See id.* at 2–5.) They also argue that a stay of discovery would promote the interest of judicial economy. (*See id.* at 5–8.) The other defendants in this case have not asserted a qualified immunity defense or moved to stay discovery. (*See generally* Doc. No. 44 [Answer by Defs. Tiona, Gross, and Mitchell], filed Sept. 14, 2015; Doc. No. 43 [Mot. to Dismiss by Defs. Tiona, Mitchell, Gross, Madrid, Gray, and Andrews], filed Sept. 14, 2015.)  Plaintiff does not appear to oppose the Defendants' Motion to Stay and, in fact, requests a stay of his own. (*See* Doc. No. 52.)

Qualified immunity protects a public official not only from liability arising out of a lawsuit, but also from the lawsuit itself, including the "ordinary burdens of litigation." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992). The purpose of qualified immunity is to protect public officials from "undue interference with their duties and from potentially disabling threats of liability." *Elder v. Holloway*, 510 U.S. 510, 515 (1994). As the Supreme Court has noted:

> [i]f a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

Accordingly, when a government defendant asserts qualified immunity as a defense to a plaintiff's lawsuit, even pretrial matters like discovery should be avoided if possible, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This is true even for other defendants in the case not asserting qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("It is no answer to

these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.").

Though the Federal Rules of Civil Procedure do not expressly allow stays of proceedings, Rule 26(c) permits a party to move for a discovery order protecting it from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When deciding whether a party requesting a stay under Rule 26(c) has shown good cause, the Court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Here, Defendants Anderson, Roberts, and O'Neil have shown good cause for a stay discovery pending resolution of their Motion to Dismiss. They allege qualified immunity from suit and have moved to dismiss Plaintiff's amended complaint, in part, on that basis. (*See* Doc. No. 41.) Permitting discovery to move forward against these Defendants in this context would be a heavy burden on them—one the doctrine of qualified immunity was created, in part, to

avoid.  *See Elder v. Holloway*, 510 U.S. 510, 515 (1994) (stating that the "central purpose" of qualified immunity is to protect public officials from "undue interference with their duties and from potentially disabling threats of liability").  Granting the stay would serve the public interest because it would grant the qualified immunity defense its intended effect, which is the protection of public officials and the government from potentially undue interference and disruption.  (*See id.*)  Further, staying discovery pending the outcome of the Defendants Motion to Dismiss may reduce the court's burden of managing unnecessary discovery disputes if some or all of the claims against these defendants are dismissed.  The burden to the plaintiff is minimal given that the plaintiff does not appear to oppose a stay of discovery.  (*See generally* Doc. No. 52.)  Finally, there are no non-parties with significantly particularized interests in this case.

Accordingly, it is **ORDERED** that Defendants Anderson's, Roberts's, and O'Neil's "Motion to Stay Discovery Pending Resolution of the Motion to Dismiss" (Doc. No. 49) is **GRANTED**.  Discovery in this matter is **STAYED**.  The October 14, 2015, scheduling conference is **VACATED** and will be reset after this court's recommendation on the Defendants' Motions to Dismiss.

Dated this 6th day of October, 2015.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge